UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL JACKSON,

        Plaintiff,

                                         No. 13-10819
-vs-                                District Judge Mark A. Goldsmith
                                       Magistrate Judge R. Steven Whalen

JASON KMENT, ET AL.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Donnell Jackson, a federal prison inmate, has filed a *pro se* civil rights complaint,

under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), alleging violations of the Fourth Amendment and the Due Process Clause of the

Fifth Amendment, in addition to certain Michigan law claims. Before the Court is

Defendants' Motion to Dismiss [Doc. #21], which has been referred for a Report and

Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I

recommend that the motion be GRANTED, and that the complaint be DISMISSED

WITH PREJUDICE.

### I.   FACTS

In the early morning hours of July 21, 2011, a Michigan state court judge issued a

search warrant for a residence in Southfield, Michigan. Defendant Jason Kment, a Task

Force Officer assigned to the Drug Enforcement Administration (DEA), swore to an

affidavit in support of the warrant, basing his request in part on information obtained

from a confidential informant. Mr. Jackson alleges that Defendant Craig Michelin, also a

DEA agent, obtained the information during an interview of the confidential informant.

During the execution of the search warrant, the agents seized several kilograms of heroin,

cocaine, a firearm, drug paraphernalia, and a large amount of cash. The seizure led to Mr. Jackson's indictment by a federal grand jury, and ultimately, his guilty plea to conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(I), and 846. On February 19, 2014, he was sentenced to 216 months imprisonment. *See United States v. Donnell Demon Jackson*, E.D. Mich. No. 11-20493.

Mr. Jackson alleges a violation of his rights under the Fourth Amendment and the Fifth Amendment Due Process Clause owing to several defects in the search warrant. He claims that there was no showing of probable cause to search the Southfield residence; that the warrant was unlawfully executed in the nighttime; that the Defendants brought the warrant request to a state court judge rather than a federal magistrate judge; and that the Defendants knowingly presented false information to the state court judge who issued the warrant. *Complaint* [Doc. #1], Pg. ID 7 (Statement of Claim). Regarding this last claim, Mr. Jackson alleges that the confidential informant–who was in fact his girlfriend and the mother of his child–gave false information to the agents, and that this information was "substantially different" from the testimony she later gave to a grand jury. He states that "the information in the Affidavit is seriously more detailed and exaggerated than the real and genuine information given at the Grand Jury testimony." Mr. Jackson alleges that Defendant Kment "mislead (sic) Judicial Officers, as well as made false declarations if Informants (sic) statements," and that Defendant Michelin relayed the allegedly false information from the confidential informant "with reckless disregard for the truth." *Id*, Pg. ID 6 (Statement of Facts).

Mr. Jackson also brings state law claims of malicious prosecution and false imprisonment, flowing from the allegedly unconstitutional search. *Id*. Pg ID 7.

Mr. Jackson claims as damages "loss of 2 Businesses, loss of employment, loss of substantial amounts of Money in 5 different bank accounts, loss of cash on hand, loss of a very solid credit score." *Id*. Pg. ID 8. He further claims:

> "My local Community and Family ties have been severed, due to these wrongful actions of the Defendants. I obtained and maintained the prestigious Black Card Member status of MGM Casino, which is now lost. I also lost 3 High End Vehicles. My children's college funds were also taken due to the course of the Defendants illegal Actions." *Id*.

In the underlying criminal case, Mr. Jackson joined in co-defendant Olivia Thompson's motion to suppress evidence seized under the warrant. E.D. Mich. No. 11-20493, Doc. #54 and #55. On September 21, 2012, Ms. Thompson filed a supplemental memorandum based on the grand jury testimony of Kinyana Marshall (the confidential informant), and requesting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) to determine whether the agents knowingly and intentionally, or with reckless disregard for the truth, provided false statements to the issuing judge. E.D. Mich. #11-20493, Doc. #72. On July 16, 2013, the Honorable John Corbett O'Meara denied the motion to suppress in a written Opinion and Order. *Id*. Doc. #144.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to

relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

#### A.   Collateral Estoppel

Under federal law, the application of collateral estoppel, which precludes re-litigation of an issue in a subsequent and different cause of action, is appropriate in the following circumstances:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*NAACP v. Detroit Police Officers Ass'n,* 821 F.2d 328, 330 (6th Cir.1987); *Coles v. Dearborn Mid-West Co.*, 2015 WL 1530424, *14 (E.D. Mich. 2015)(citing *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999)). An order to suppress evidence in a criminal case can have a preclusive effect in a later civil action. *See Smith v. S.E.C.*, 129 F.3d 356, 362-63 (6th Cir. 1997); *Ayoub v. Howe*, 2008 WL 162539, *7 (E.D. Mich. 2008)(citing *Smith*)(denial of a motion to suppress in a prior criminal case precluded plaintiff, under the doctrine of collateral estoppel, from challenging the constitutionality of the search in a subsequent civil case); *Graham v. City of Cincinnati*, 2007 WL 2206554, *4 (S.D. Ohio 2007)(applying collateral estoppel when "the constitutionality of the search was actually and directly litigated in the state court criminal proceedings; and the state court decided the search was proper.").  Here, the Defendant has satisfied all four factors.

## 1.    Identity of the Issues

The motion to suppress in the criminal case raised the following issues: (1) the warrant was not based on probable cause; (2) the agents did not first seek to obtain a warrant from a federal magistrate judge, rather than a state court judge; (3) the warrant was executed at night; (4) the agents presented false statements in support of the search warrant, specifically information from the confidential informant, whose story to the agents differed from her grand jury testimony; (5) the agents did not reveal to the judge that the confidential informant was Mr. Jackson's disgruntled former girlfriend. In the motion to suppress, Mr. Jackson and his co-defendant also requested a *Franks* hearing. *Motion to Suppress*, E.D. Mich. #11-20493, Doc. #54. In his Opinion and Order denying

the motion to suppress and denying a *Franks* hearing, Judge O'Meara addressed and rejected each of these issues. *Id*., Doc. #144.

These are the precise issues that Mr. Jackson raises in his civil case. The first factor has been met.

### 2.    Necessity to the Outcome

Obviously, the legality of the search and the issues raised were central to the outcome of the motion to suppress evidence. The second factor has been met.

### 3.    Final Judgment on the Merits

The criminal proceeding concluded with a final judgment against Mr. Jackson, specifically the Judgment in a Criminal Case entered on February 19, 2014, in which he was sentenced to 216 months imprisonment. E.D. Mich. #11-20493, Doc. #256. In his complaint, Mr. Jackson concedes that his "indictment was solely based off a Search Warrant Executed on the Address of 21550 Evergreen Rd. Southfield Michigan." *Complaint* [Doc. #1], Pg. ID 6 (Statement of Facts). The third factor has been met.

### 4.    Full and Fair Opportunity to Litigate

Mr. Jackson was represented by counsel at the suppression hearing and throughout the criminal proceedings. The suppression motion was extensively briefed. He now argues that he was denied a full and fair opportunity to litigate the issue of the agents allegedly supplying false information in support of the search warrant affidavit, because at the time of the suppression hearing, he did not have the grand jury testimony of Defendant Michelin and the confidential informant. These documents, he claims, show the disparity between the affidavit's version of the informant's story and the informant's own grand jury testimony, as well as a change in Defendant Michelin's testimony before the fourth superseding indictment was issued.

Mr. Jackson's claim is without merit. In the September 21, 2012 supplement to the

motion to suppress, *Criminal Case*, Doc. #72, counsel quoted extensively from the

confidential informant's grand jury testimony. The gist of Mr. Jackson's argument is that

the informant lied, her lies have been exposed, and the Defendants knew that she was

lying when they requested a search warrant. But in ruling on the motion to suppress,

Judge O'Meara explicitly considered the informant's grand jury testimony in the context

of this argument:

> "Defendant Thompson [joined by Mr. Jackson] then supplemented her
> motion to suppress and renewed her request for a <u>Franks</u> hearing after the
> government released the grand jury testimony of the confidential source.
> She alleges that the confidential source gave false information to the
> government and tht the government knowingly and intentionally, or with
> reckless disregard for the truth, relied on this information in obtaining the
> search warrant." *Opinion and Order, Criminal Case*, Doc. #144, at 2.

Judge O'Meara also addressed eleven facts contained in the affidavit–apart from

the allegedly false information provided by the informant–that corroborated the reliability

of the informant and supported a finding of probable cause. *Id*. at 3-4. He found that "the

CS's information was not the only basis upon which the warrant was issued; rather, it was

corroborated by an extensive factual record." *Id*. at 7. And in rejecting the request for a

*Franks* hearing, Judge O'Meara found that the remedy to address evidentiary

discrepancies was the opportunity to cross-examine and impeach the affiant:

> "The court agrees with the government that the difference in the grand jury
> testimony and the information incorporated in the search warrant may be
> the basis for cross examination; however, it cannot constitute the
> 'substantial preliminary showing' required for a <u>Franks</u> hearing. the United
> States Supreme Court in <u>Franks</u>, <u>supra</u>, held that there is a presumption of
> validity to the affidavit supporting a search warrant. the deliberate or
> reckless falsity, which can be used for impeachment, is that of only the
> affiant, not that of a non-governmental informant. If, after examining the
> remaining contents of the search warrant, the court finds they support a
> finding of probable cause, no <u>Franks</u> hearing is required." *Id*. at 6.

Judge O'Meara found that there was "no showing that the officers and agents

presented false or misleading information or engaged in a reckless disregard for the truth when presenting the affidavit to the state court judge. Most importantly, there is no showing that the officers' and agents' reliance on the warrant was unreasonable." *Id*. at 6. That Defendant Michelin's later grand jury testimony might not have been available to Mr. Jackson at the time of the suppression hearing is of no import, and does not show that he was deprived of a full and fair hearing. Judge O'Meara found that any discrepancies could be used for impeachment, and that even if the informant's allegedly false statements were removed from the affidavit, there were still sufficient facts to support probable cause.

The fourth and final factor has been met. All of Mr. Jackson's claims are ultimately based on his assertion that the search was unconstitutional, and lacked a basis in probable cause. That issue was litigated and decided against him in the criminal case. His complaint should therefore be dismissed on the basis of collateral estoppel.

### B.   Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or

federal habeas, opportunities to challenge the underlying conviction or sentence."

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Notwithstanding his concession that the evidence seized under the search warrant

led directly to his indictment–and ultimately to his guilty plea–Mr. Jackson contends that

as the result of what he claims was an illegal search, he has suffered compensable injuries

that do not call into question the validity of his conviction. This claim flows from his

reading of footnote 7 of the *Heck* opinion:

> "For example, a suit for damages attributable to an allegedly unreasonable
> search may lie even if the challenged search produced evidence that was
> introduced in a state criminal trial resulting in the plaintiff's § 1983 still-
> outstanding conviction. Because of doctrines like independent source and
> inevitable discovery, and especially harmless error, such a § 1983 action,
> even if successful, would not *necessarily* imply that the plaintiff's
> conviction was unlawful. In order to recover compensatory damages,
> however, the § 1983 plaintiff must prove not only that the search was
> unlawful, but that it caused him actual, compensable injury, which, we hold
> today, does *not* encompass the 'injury' of being convicted and imprisoned
> (until his conviction has been overturned)." (Internal citations
> omitted)(emphasis in original).

There is a Circuit split as to the import of footnote 7 of *Heck*. The Seventh and

Tenth Circuits have held that this language carves out a general exception to the

requirement of favorable termination in civil Fourth Amendment claims. *See, e.g., Copus*

*v. City of Edgerton,* 151 F.3d 646, 647–48 (7th Cir.1998) ("Fourth Amendment claims for

unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all

cases these claims can go forward"); *Beck v. City of Muskogee Police Dep't.*, 195 F.3d

553, 558 & fn. 3 (10th Cir. 1999). The Sixth Circuit, on the other hand, rejects the view

that Fourth Amendment claims represent a categorical exception to *Heck*. In *Schilling v.*

*White*, 58 F.3d 1081 (6th Cir. 1995), the Court, after quoting footnote 7 of *Heck*, held that

"[t]he language of *Heck* plainly refutes the argument that Fourth Amendment claims are

exempted from the requirement that a conviction must be set aside as a precondition for

this type of § 1983 suit*.*" *Id*. at 1086.  In *Bell v. Raby*, 2000 WL 356354, \*6 (E.D. Mich.

2000)(Rosen, J.), the Court dismissed a Fourth Amendment claim under *Heck* and

*Schilling* where, as here, the plaintiff's conviction was directly related to the challenged

search:

> "[I]t appears from the pleadings that the searches challenged by Plaintiff
> directly led to his March 29, 1995 arrest on drug charges, and that his drug
> convictions in turn rested upon the evidence seized during the challenged
> searches. This, as in *Schilling*, it is impossible to view Plaintiff's claims as
> anything other than a challenge to his drug convictions."

This is not to say that a Fourth Amendment claim can *never* survive a *Heck*

challenge. In *Brindley v. Best*, 192 F.3d 525 (6th Cir. 1999), the Court permitted a civil

Fourth Amendment claim to go forward notwithstanding the plaintiffs' convictions,

because the items seized were never the subject of the criminal charges, and were not

used to obtain a criminal conviction. The Court thus distinguished *Schilling*, holding that

under these circumstances, a finding that the search was unlawful "would not invalidate

the plaintiffs' convictions." *Id*. at 530-31.[1] By contrast in Mr. Jackson's case, his

indictment and conviction were the direct result of evidence seized under the search

warrant that he now challenges.

Mr. Jackson argues that his case falls outside the purview of *Heck* because his

damages are not based on his conviction, but on the loss of the property that was seized,

and on the harm to his reputation.  However, he has waived any claim to that property,

because in his Rule 11 plea agreement in the criminal case, he agreed to forfeit all

property constituting proceeds from his criminal activity or used to facilitate his criminal

activity, including, *but not limited to* $361,168.90 found in a number of accounts.

---

[1] Because the search was never challenged in the criminal case, the *Brindley* Court also declined to dismiss on the basis of collateral estoppel.

Included were $137,200.00 in an MGM Grand Casino account. *Criminal Case*, Plea Agreement, Doc. #171, ¶ F. The property also formed the basis of a forfeiture allegation in the fourth superseding indictment. *Id.,* Doc. #102. In addition, the personal property that Mr. Jackson now claims as damages was not seized on execution of the search warrant, but was forfeited as the result of the criminal charges. Likewise, any damages to his reputation are the result of his criminal activity and conviction.

Mr. Jackson's conviction has not been reversed or vacated.  His claim for damages bears a direct relationship to that conviction. Under *Heck* and *Schilling*, his complaint must be dismissed.

## IV.   CONCLUSION

For these reasons[2], I recommend that the Defendants' Motion to Dismiss [Doc. #21] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

---

[2] Because Mr. Jackson's claims are clearly dismissible on the basis of both collateral estoppel and *Heck v. Humphrey*, it is not necessary to discuss the remaining issues raised by Defendants. I do note, however, that the due process claim fails because when the constitution "provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999)(citation omitted). Mr. Jackson's claims flow from the Fourth Amendment, and must be analyzed under that specific textual source.

Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                      s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE
Dated: January 19, 2015




                       CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on
January 19, 2016, electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager to the
                                      Honorable R. Steven Whalen