UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL JACKSON,

        Plaintiff,                       Case No. 13-cv-10819

                                              HON. MARK A. GOLDSMITH

vs.

JASON KMENT and CRAIG
MICHELIN

        Defendants.
_____/

**OPINION AND ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED
JANUARY 19, 2016 (Dkt. 28); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt.
29); (3) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 21); AND
DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

      Plaintiff's complaint, brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), attacks the validity of the search warrant that led to his indictment and, ultimately, his conviction. Compl. at 6 (cm/ecf page) (Dkt. 1). Defendants, who are federal agents that were involved in the procurement of the warrant, filed a motion to dismiss (Dkt. 21). On January 19, 2016, Magistrate Judge R. Steven Whalen issued a Report & Recommendation ("R&R") (Dkt. 28). Plaintiff timely filed an objection (Dkt. 29), and Defendants responded (Dkt. 30).

      The Magistrate Judge recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief can be granted. R&R at 11. Because he found that Plaintiff's claims are "clearly dismissible" in their entirety on the basis of either collateral estoppel or Heck v. Humphrey, 512 U.S. 477 (1994), the Magistrate Judge did not address Plaintiff's remaining

1

arguments. R&R at 11 n.2. For the reasons that follow, the Court overrules Plaintiff's objections, accepts the recommendation contained in the R&R, grants Defendants' motion to dismiss, and dismisses the case with prejudice.

## I. BACKGROUND

The detailed factual background and legal standards governing this case have been sufficiently set forth by the Magistrate Judge in his R&R and need not be repeated here at length. In sum, Plaintiff was arrested for drug trafficking based, in part, upon evidence seized during the execution of a search warrant. R&R at 1-2. The probable cause necessary to obtain that search warrant was founded upon tips from a confidential informant as well as several other facts. Id. at 2. After a hearing on Plaintiff's motion to suppress the evidence in his criminal proceedings, United States v. Jackson, No. 11-20493 (E.D. Mich.), Plaintiff pleaded guilty. Id. at Dkt. 171 (plea agreement).

But Plaintiff contests the existence of the probable cause necessary to obtain the warrant that lead to his indictment. He concedes that the confidential informant — the mother of his child — spoke to law enforcement officers, Compl. at 6 (cm/ecf page), but argues that the informant's interviewer (Defendant Michelin) and the warrant's affiant (Defendant Kment) intentionally misrepresented the informant's statements in order to make their case for the warrant, id. at 7-8 (cm/ecf pages). Plaintiff also makes more procedural arguments, claiming that the warrant was unlawfully executed at night; that law enforcement requested the warrant from a state court judge when, in fact, the request should have been put to a federal judge; and that the affidavit could not support the warrant because it was not signed until 10 months after the warrant was issued. Id. Based upon these claims, Plaintiff alleges violations of his rights under the Fourth Amendment and the Due Process Clause of the Fifth Amendment, and he seeks

compensatory and punitive damages. Id. at 7-8, 11 (cm/ecf pages). Finally, Plaintiff alleges that his sister and other family members are being harassed by the Government, and he requests an injunction to stop this. Id. at 8 (cm/ecf page).

Defendants filed a motion to dismiss. They argued that Plaintiff's Fourth Amendment claim is barred by the doctrine of collateral estoppel, because it was decided against him in his criminal proceeding. Def. Br. at 6. They argue in the alternative that, because Plaintiff's conviction has not been overturned, his associated civil claim must fail under Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 9. The Magistrate Judge agreed with these two arguments and, therefore, recommended granting Defendants' motion. R&R at 11. The Magistrate Judge did not reach Defendants' remaining arguments, deeming them moot in light of his collateral estoppel and Heck analyses. Id. at 11 n.2.[1]

Plaintiff timely objected to the R&R. First, he argues that the R&R misrepresents the facts as he pleaded them. The R&R interprets the complaint as claiming that the confidential informant lied to the law enforcement officers, see R&R at 2, but according to Plaintiff, his complaint alleges nothing of the sort. Pl. Obj. at 1-2. Relatedly, he argues that the R&R's interpretation of the facts reflects that the Magistrate Judge ignored one of Plaintiff's filings in the criminal case. Id. at 3. Second, Plaintiff contests the applicability of collateral estoppel to his case, because, allegedly, (i) he lacked a full and fair opportunity to litigate his claim at the

---

[1] Defendants further argued that, pursuant to Eleventh Amendment immunity, they are entitled to dismissal of Plaintiff's claims against them in their official capacities, see Def. Br. at 5; that they are entitled to dismissal of Plaintiff's due process claim because the more specific Fourth Amendment claim is the proper rubric for analyzing his claim, under Conn v. Gabbert, 526 U.S. 286, 293 (1999), see Def. Br. at 12; that they are entitled to dismissal of Plaintiff's false imprisonment claim because there was probable cause to detain Plaintiff, see id. at 13; and that they are entitled to dismissal of Plaintiff's malicious prosecution claim because the criminal proceeding was not resolved in Plaintiff's favor, see id. at 14. Finally, Defendants argue that Plaintiff lacks standing in requesting injunctive relief on behalf of his family members. See id. at 15.

suppression hearing, in that he lacked a transcript of Michelin's grand jury testimony at that time; and (ii) he also lacked a full and fair opportunity to litigate the suppression claim because he did not receive the fourth superseding indictment until after the suppression hearing. Pl. Obj. at 3-4. Third, Plaintiff argues that his case falls within an exception to the Heck rule, because he "is not attacking his plea or conviction"; rather, he claims he seeks only damages flowing from the conviction. Id. at 5.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), this Court reviews de novo those portions of the R&R to which specific objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

### A. Plaintiff's Objection Was Timely

Defendants first argue that Plaintiff's objection to the R&R was untimely. Def. Resp. at 2 (Dkt. 30). It was not. Although signed by the Magistrate Judge on January 19, 2016, the R&R was not served upon Plaintiff until January 26, 2016.[2] Because he is incarcerated, Plaintiff had until February 9, 2016, to "file" his objection, i.e., to submit his objection to prison officials. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (prisoner's filing deemed filed when handed to prison official for mailing). Appended to Plaintiff's objection is a stamped receipt stating that

---

[2] The R&R erroneously sets forth the year as 2015, rather than 2016.

prison officials received the objection on February 8, 2016. See Pl. Obj. at 7-8 (cm/ecf pages). It was therefore timely, notwithstanding the fact that the Court did not receive it until February 12, 2016.

Defendants contend that, because the docket entry states that the January 26, 2016 mailing was a "second mailing," the clock began to run when the first mailing occurred on January 19, 2016 (as reflected by the "Certificate of Service" appended to the last page of the R&R). Def. Resp. at 2 n.1. However, the docket contains no confirmation that Plaintiff received this "first" copy of the R&R, and Defendants' argument ignores the likelihood that a second mailing was needed for a reason, i.e., that the first mailing did not accomplish its goal of providing notice to Plaintiff. Without additional evidence, Defendants' contention that Plaintiff untimely filed his objection is not persuasive.

### B. The Magistrate Judge Did Not Misstate Plaintiff's Argument

Plaintiff's first objection concerns the factual basis on which the Magistrate Judge rested his R&R. The R&R stated that "[t]he gist of [Plaintiff]'s argument is that the informant lied, her lies have been exposed, and the Defendants knew that she was lying when they requested a search warrant." R&R at 7. But Plaintiff claims that the Magistrate Judge misinterpreted Plaintiff's complaint. Pl. Obj. at 1-2 (Plaintiff "never claimed in his complaint that the confidential informant gave false information to [Defendants]"). Elaborating on this claim, Plaintiff points to a December 4, 2012 supplemental brief in his criminal matter, which alleged that "the affiant — not [the informant] — fabricated and purposely omitted information, or with reckless disregard for the truth, with the intent to mislead, in the affidavit as follows . . . ." Id. at 3 (citing Supp. Br. at 5, No. 11-cr-20493, Dkt. 92). Plaintiff alleges that this "controverts most

5

of the information used by the Magistrate Judge, as a factual basis for making his report and recommendation." Id.

Upon close scrutiny, the Court concludes that the R&R reflects Plaintiff's position accurately, based on Plaintiff's filings. First, although Plaintiff claims that the supplemental brief purports to attack only the affiant and his role in preparing the affidavit, see Supp. Br. at 5, No. 11-cr-20493, Dkt. 92 ("the affiant — not [the informant] — fabricated and purposely omitted information . . . in the affidavit"), that brief, in fact, goes on to claim that the informant was "an unreliable witness with a grudge against [Plaintiff]," id. at 3. Simultaneously attacking both the informant and the affiant, the brief claims that the affiant "failed to disclose" that the confidential informant was "emotionally charged, extremely volatile and angry with [Plaintiff]," and that such "hatred can affect the credibility and reliability of an informant." Id. at 6; see also id. ("extreme hate of [Plaintiff]"). The supplemental brief further claims that the informant "let the agents 'believe what they wanted to believe.'" Id. The R&R's version of the facts is, therefore, consistent with the substance of the supplemental brief, which strongly implies that the informant was untruthful.

The R&R's interpretation of Plaintiff's complaint is also fair. The complaint never expressly claims that the informant told the truth. More importantly, the complaint arguably accuses the informant of lying. Specifically, the complaint states that Defendants "fabricated evidence [and] purposely omitted facts regarding veracity of the informant, or with reckless disregard for the truth omitted facts regarding the veracity of the informant." Compl. at 7 (cm/ecf page). This language — "veracity of the informant" — evokes the language used in the supplemental brief to attack the informant's credibility. See, e.g., Supp. Br. at 2, 3, No. 11-cr-20493, Dkt. 92 (informant's "grudge against," and "hatred of," Plaintiff "seriously affect

veracity" of the informant). The complaint also claims that Defendants "allege they had probable cause on July 20, 2011, due to a statement made by the confidential source, (which was and will be proven to be false) to obtain the search warrant." Compl. at 7 (cm/ecf page). The most reasonable reading of this statement is that Plaintiff is accusing the informant of providing a false statement to Defendants. Finally, the complaint contains a statement that "[t]he affidavit in this case does not contain reference to the [informant's] extreme hate of plaintiff and codefendants. The omissions of all reference to such credibility issues indicate an intent to mislead the magistrate." Id. at 9 (cm/ecf page).

The complaint does claim that the informant later stated that "she did not in fact state what the Agents said that she stated in the process to obtain the search warrant," and that "the information and representations of her in the affidavit were not true." Id. at 7 (cm/ecf page). This amounts to a claim that the affiant lied about the informant's statements. However, an allegation that the affiant lied about the informant's statements is not mutually exclusive to an allegation that the informant told lies of her own. This was made clear during the suppression proceedings, in which the movants levied allegations of untruthfulness against both the informant and the affiant.

In any case, it is immaterial to the soundness of the R&R's conclusion whether the informant lied along with the affiant, or whether only the affiant was a prevaricator. The analyses under collateral estoppel and Heck are not affected by the veracity or perfidiousness of the informant.

Consequently, this objection is overruled.

**C. Plaintiff is Collaterally Estopped From Relitigating His Suppression Claim**

7

Although Plaintiff did not, before the suppression hearing, receive evidence that he now claims would have helped his suppression-of-evidence claim in his criminal matter, he did not lack the opportunity to litigate that claim. Accordingly, collateral estoppel applies, and he may not relitigate the suppression claim here under the guise of a Bivens action.

Collateral estoppel bars the relitigation of an issue in a subsequent suit. If the criminal action does not end in an acquittal, collateral estoppel can apply to a civil claim when a criminal suppression hearing was held on the same issue. See Allen v. McCurry, 449 U.S. 90, 97 (1980). Collateral estoppel applies when the following requirements are met:

> (i) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (ii) determination of the issue must have been necessary to the outcome of the prior proceeding; (iii) the prior proceeding must have resulted in a final judgment on the merits; and (iv) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

NAACP v. Detroit Police Officers Ass'n, 821 F.2d 328, 330 (6th Cir. 1987). The R&R concluded that all four of these elements were met by the resolution of Plaintiff's motion to suppress the evidence obtained pursuant to the search warrant that he now challenges. R&R at 4-8. Plaintiff now claims that the fourth element — a full and fair opportunity to litigate the suppression issue — was not satisfied, because he did not receive Michelin's grand jury testimony in time for the hearing. Pl. Obj. at 3.

Plaintiff objects to the lack of Michelin's grand jury testimony, but Plaintiff fails to make the crucial allegation that he was somehow prevented from requesting and using that testimony at the suppression hearing. In order to find that a party lacked a full and fair opportunity to litigate an issue in the prior action, the Sixth Circuit "has found merit to the claim only where the plaintiff was unable to place on the . . . court record allegations about false statements or

8

misrepresentations by law enforcement officials, or some basis to demonstrate sufficient evidence to require an evidentiary hearing on the issue of probable cause." Prokos v. City of Athens, 118 F. App'x 921, 927 (6th Cir. 2004) (emphasis added). Stated differently, for collateral estoppel to apply, a litigant needs to have lacked the opportunity to litigate the issue.

The record in the criminal case indicates, and the R&R reflects, that the judge deciding Plaintiff's motion to suppress was in possession of the informant's grand jury testimony. 7/16/2013 Op. & Order at 2, 6, No. 11-cr-20493, Dkt. 144; R&R at 7.[3] Because Plaintiff had the opportunity to litigate the suppression issues using the informant's grand jury testimony, Plaintiff fails to explain why he did not have an opportunity to litigate the issues using Michelin's grand jury testimony. Indeed, Plaintiff ultimately succeeded in obtaining Michelin's testimony, see Pl. Resp. to Def. Mot. to Dismiss at 4 (Dkt. 25) (quoting from the transcript), so the acquisition of the transcript was not an impossible thing.

The fact that Plaintiff failed to seize this opportunity in a timely manner does not affect the availability of collateral estoppel. Plaintiff never states that he made an effort to obtain Michelin's testimony in a timely way, and without such an assertion — and in the face of evidence that he was able to obtain other portions of the grand jury transcripts in a more or less timely way — he does not refute Defendants' case that he had a full and fair opportunity to litigate his suppression claim. To hold otherwise would permit harboring investigative apathy as an appellate parachute; a litigant could avoid preclusive effect of a decision against him by declining to seek one crumb of evidence or another.

---

[3] Although this transcript was not considered at the hearing on the motion to suppress, the opinion and order indicates that the informant's transcript was, eventually, fully considered in the context of the issue raised by Plaintiff at that time. 7/16/2013 Op. & Order at 2, No. 11-cr-20493, Dkt. 144. Also considered was Plaintiff's argument that he did not have the informant's grand jury testimony prior to the hearing on the motion. Id. at 6.

Alternatively, even if Plaintiff received the transcript as early as he wanted, it could not have made a difference. In the context of this case, Michelin's challenged grand jury testimony, which allegedly would have shown the affidavit to contain false statements, relates only to the informant and what she told law enforcement. In Plaintiff's criminal proceeding, however, the judge made clear that, even if the informant's allegedly false statements were set aside from the affidavit, there were still sufficient facts in the affidavit to satisfy the probable cause requirement. 7/16/2013 Op. & Order at 7, No. 11-cr-20493, Dkt. 144. Under Franks v. Delaware, a criminal defendant must make a substantial preliminary showing that a false statement in the affidavit, even if knowingly or recklessly included, was "necessary to the finding of probable cause." 438 U.S. 154, 155-156 (1978). Thus, even if Plaintiff had possession of the transcript and made a compelling case that it supported his theory, a Franks hearing was never available to him in light of the remaining contents of the affidavit. Plaintiff did not lack a full and fair opportunity to litigate his suppression claim, because the judge's opinion clearly indicates that the argument he now advances would have been futile.

Finally, Plaintiff also claims that he lacked a full and fair opportunity to litigate the suppression issue because he did not receive the fourth superseding indictment until September 2013, roughly two months after the motion to suppress was denied. Pl. Obj. at 3-4. Plaintiff does not explain how this document — which he concedes he has in his possession, id. — fits into his argument. And it is not the role of this Court to make Plaintiff's arguments for him. Consequently, this conclusory claim will not be considered.

### D. Plaintiff's Claim is Barred by Heck v. Humphrey[4]

---

[4] The Sixth Circuit has held that, "[w]hile Heck concerned an action brought under 42 U.S.C. § 1983, we adopt the rule . . . that the Heck holding applies equally to an action brought under

10

In the alternative, recognizing the Magistrate Judge's sound application of Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), and Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995), to Plaintiff's case, the Court adopts the recommendation contained in the R&R on that basis. Heck provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-487. In footnote 7 of that case, the Court addressed, in dicta, the potential impact of its holding on a § 1983 claim for damages stemming from an illegal search or seizure. It stated:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that . . . result[ed] in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Id. at 487 n.7.

It is true that, "[a]t first blush, Heck's above-quoted footnote 7 might appear to suggest that Plaintiff's Fourth Amendment claims may go forward under § 1983," Bell v. Raby, No. 99-

---

Bivens." Robinson v. Jones, 142 F.3d 905, 906 (6th Cir. 1998). Accordingly, this section freely discusses cases interpreting Heck vis-à-vis § 1983 as applicable to Plaintiff's Bivens claim.

11

72917, 2000 WL 356354, at *5 (E.D. Mich. Feb. 28, 2000), but, pursuant to binding Sixth Circuit precedent, this is not so.[5] In Schilling, the Sixth Circuit explicitly disagreed with the interpretation of other courts that Heck's footnote 7 categorically permits § 1983 actions to proceed when founded upon Fourth Amendment violations. Schilling, 58 F.3d at 1086 ("The language of Heck plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit."). "The Heck footnote, on which the Schilling court relied, explicitly states that . . . the § 1983 plaintiff may not seek damages for the injury of being convicted and imprisoned until the conviction is overturned." Shamaeizadeh v. Cunigan, 182 F.3d 391, 396 (6th Cir. 1999), abrogated on other grounds by Wallace v. Kato, 549 U.S. 384 (2007). Stated differently, "Fourth Amendment claims under § 1983 may be brought without setting aside the conviction only if success would not undermine the conviction and if the plaintiff alleges a compensable injury other than the conviction." Braxton v. Scott, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (emphasis added).

Here, Plaintiff does not allege a compensable injury apart from his conviction. Any § 1983 action that claims damages flowing from the conviction itself — as opposed to damages more fairly attributable to the search or seizure — implies that the conviction is invalid. Thus, a reversal of the conviction is a precondition to recovery. It is evident from the relief Plaintiff seeks that his civil claim alleges damages attributable to his conviction, i.e., items that were forfeited as part of his guilty plea, see United States v. Jackson, No. 11-20493, Plea Agreement at 6-7, Dkt. 171, as well as reputational losses attributable to his criminal record. Compl. at 8

---

[5] Indeed, the preceding footnote in Heck provides an example of a § 1983 claim, founded upon a Fourth Amendment violation, which would be barred by Heck's holding. See Heck, 512 U.S. at 487 n.6.

(cm/ecf page). Plaintiff would not have suffered these "damages" but for his conviction. Thus, Plaintiff seeks damages for the injuries flowing from his conviction — which has not been overturned to date.

Because Plaintiff's case alleges damages flowing from his conviction, Heck applies to Plaintiff's claim, notwithstanding the fact that the claim involves a challenge under the Fourth Amendment. Thus, applying Heck, Plaintiff's Bivens claim does not lie, because Plaintiff seeks damages stemming from a conviction that has not been overturned to date.

### E. Plaintiff Lacks Standing to Assert the Rights of Third Parties

Finally, Plaintiff also requested "[a]n injunction ordering all Defendants . . . to stop acting with negative intent towards friends and family, as well as a Temporary Restraining Order against the named Defendants." Compl. at 11 (cm/ecf page). The R&R did not address this claim, stating instead that all claims were covered by its collateral estoppel and Heck analyses. Although Plaintiff did not object to the R&R's failure to address his claim for injunctive relief, the R&R did not dispose of these claims, which, as implied by the nature of the relief sought, allege ongoing conduct by law enforcement not directly related to the allegedly improper warrant.

However, Defendants are correct that Plaintiff lacks standing to assert the rights of his friends and family members. Def. Br. at 15-16 (citing Dodson v. Wilkinson, 304 F. App'x 434, 438 (6th Cir. 2008) (prisoner lacked standing to seek injunctive relief on behalf of other inmates, limiting his claims to "alleged violations of his own constitutional rights")). Accordingly, Defendants' motion to dismiss Plaintiff's claims for injunctive relief on behalf of third parties is granted.

### IV. CONCLUSION

For the reasons set forth above, the Court accepts the Magistrate Judge's recommendation dated January 19, 2016 (Dkt. 28); overrules Plaintiff's objections thereto (Dkt. 29); grants Defendants' motion to dismiss (Dkt. 21); and dismisses Plaintiff's claim with prejudice.

SO ORDERED.

Dated: March 16, 2016  s/Mark A. Goldsmith
      Detroit, Michigan  MARK A. GOLDSMITH
      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2016.

s/Karri Sandusky
Case Manager